# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 2:18CR00013 |
| v. | **OPINION AND ORDER** |
| **RANDALL J. KEYSTONE,** | By: James P. Jones<br>United States District Judge |
| Defendant. | |

*Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, Randall Keystone, is charged by the grand jury with sending two threatening letters, in violation of 18 U.S.C. § 875(c). Keystone argues that the Indictment fails to charge valid offenses because on their face, the letters' statements as alleged in the Indictment are protected First Amendment speech and not "true threats." Keystone also contends that even if the Indictment charges true threats, the court should not permit entry of judgment as to both letters, charged in separate counts, because they concern a single threat and permit only a single punishment. For the following reasons, I will deny Keystone's motion.

I.

The relevant allegations of the Indictment are as follows.

Count One charges that on or about January 11, 2017, Keystone knowingly transmitted in interstate commerce a communication containing a threat to injure the person of another, in violation of 18 U.S.C. § 875(c). Specifically, Count One alleges that Keystone mailed a letter to Victim 1 in Raleigh, North Carolina, stating in part, "How'd you like someone to put a bullit [sic] in your head? How'd you like me to be the one to do it?" Indictment ¶ 2.

Count Two charges the same crime, but it alleges a second letter Keystone mailed to Victim 1 on or about the same date, containing the same statement, but with the addressee's zip code different from that on the first letter.

II.

A.

To warrant dismissal of an indictment, a defendant must demonstrate that its allegations, even if true, would not state an offense. *United States v. Thomas*, 367 F.3d 194, 197 (4th Cir. 2004). "Generally, an indictment is sufficient if it alleges an offense in the words of the statute, assuming those words fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence." *United States v. Wicks*, 187 F.3d 426, 427 (4th Cir. 1999) (internal quotation marks and citations omitted). The language of the statute may be used in the general description of an offense, but it must be accompanied by a statement of the facts sufficient to inform the accused of the

specific offense of which he or she is charged. *Hamling v. United States*, 418 U.S. 87, 117–18 (1974). The basis of a defendant's motion to dismiss an indictment for failure to state an offense must be one that the court can resolve without a trial on the merits. *See* Fed. R. Crim. P. 12(b).

To state an offense under 18 U.S.C. § 875(c), the facts must allege that (1) the defendant knowingly transmitted a communication in interstate or foreign commerce, (2) the defendant subjectively intended the communication as a threat, and (3) the content of the communication contained a "true threat" to kidnap or injure. *United States v. White*, 810 F.3d 212, 220–21 (4th Cir. 2016). To establish the third element, the facts must allege a communication that an ordinary, reasonable recipient who is familiar with the context in which it is made would interpret as a serious expression of intent to do harm. *Id.* at 221. Generally, whether a communication is a true threat is a question for a jury. *United States v. Roberts*, 915 F.2d 889, 891 (4th Cir. 1990).

I find that the facts alleged in the Indictment, taken to be true, state an offense under 18 U.S.C. § 875(c). The Indictment alleges the offense in the words of the statute, which set forth the elements necessary to constitute the crime. In particular, the Indictment alleges that Keystone knowingly transmitted in interstate commerce a communication containing a threat to injure another, and it identifies his January 11 letters as the specific communications alleged to constitute the

offense. Keystone's argument that his letters do not contain true threats raises a question for the jury. I cannot say, as a matter of law, that no reasonable person would interpret his letters as a serious expression of intent to do harm, and thus this argument is not an appropriate basis for dismissing the Indictment.

B.

Relying on *Ball v. United States*, 470 U.S. 856 (1985), Keystone also argues that even if the court finds that the Indictment charges valid crimes, it should not permit entry of judgment on both counts because they concern a single offense. In *Ball*, the Supreme Court held that while the government may seek a multiple-count indictment against a felon for both receiving and possessing a firearm when a single act establishes both receipt and possession of the firearm, the accused may not suffer two convictions or sentences on the indictment. *Id*. at 865. The Court reasoned that Congress did not intend for a single act to be punishable under the two statutes at issue. *Id*. at 864.

The issue in *Ball* and raised by Keystone here is multiplicity, or "the charging of a single offense in several counts." *United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir. 1993) (internal quotation marks and citation omitted). To determine if multiplicity is an issue in an indictment bringing multiple charges under the same statute, the court must examine the language of the statute at issue to determine what constitutes a single offense under it. *See United States v.*

*Dunford*, 148 F.3d 385, 389 (4th Cir. 1998). "If the statute proscribes distinct and separate acts, multiple prosecutions may be maintained even though the acts were committed in furtherance of the same criminal enterprise." *United States v. Johnson*, 612 F.2d 843, 846 (4th Cir. 1979).

Here, Keystone argues that a single offense under § 875(c) is a single threat. He contends that the two letters at issue should be construed as a single threat because their language is functionally identical and he used different addresses solely to ensure delivery. Thus, he argues that he should be subject to punishment for only one of the two counts in the Indictment.

I find that Keystone is wrong to characterize a single offense under § 875(c) as a single threat. Rather, the statute proscribes transmitting any threatening communications in interstate or foreign commerce, and thus I find that each alleged communication transmitted in interstate commerce is a single offense. *See Badders v. United States*, 240 U.S. 391, 393–94 (1916) (finding that when the defendant was indicted on twelve counts of placing letters in the mail for the purpose of executing a scheme to defraud, with the counts relating to different letters, each mailing could constitute a separate offense); *United States v. Ng*, 26 F. App'x 452, 461–62 (6th Cir. 2001) (unpublished) (holding that when the proscribed conduct is traveling in interstate commerce with intent that a murder-for-hire be committed, each trip is a single offense even if they are part of the same

scheme to commit murder-for-hire). Because each count in the Indictment at issue here concerns a separate transmission of an allegedly threatening communication in interstate commerce, it subjects Keystone to punishment for separate offenses.

In any event, even were I to determine after considering the evidence at trial that a conviction on both counts could result in improper double punishment, the remedy would be to simply vacate the conviction on one of the counts. *See Burns*, 990 F.2d at 1438.

III.

For the foregoing reasons, it is **ORDERED** that the Motion to Dismiss Indictment, ECF No. 33, is DENIED.

ENTER: January 22, 2019

/s/ *James P. Jones*
United States District Judge