# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 2:18CR00013 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **RANDALL J. KEYSTONE,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

In this prosecution for mailing threatening letters, the defendant has moved in advance of trial to prohibit the United States from introducing evidence under Rule 404(b) that the defendant had been convicted of sending threatening letters to other individuals in the past.

The defendant, Randall J. Keystone, is an inmate at Red Onion State Prison, located in this judicial district. Keystone is charged with violations of 18 U.S.C. § 875(c) by sending a letter on or about January 11, 2017, to an individual at two different addresses in Raleigh, North Carolina, threatening to shoot the victim in the head. *See United States v. Keystone*, No. 2:18CR00013, 2019 WL 289820 (W.D. Va. Jan. 22, 2019) (denying defendant's Motion to Dismiss Indictment).

The Government filed a notice of its intent to offer the following evidence:

> 1) Randall J. Keystone previously sent threatening letters on or about November 30, 2006, June 7, 2008, July 27, 2008, August 14, 2008, and September 15, 2008. On March 9, 2010, he pled guilty in the Circuit Court of Wise County and City of Norton, Virginia to five counts of communicating a threat by letter, for these letters.
>
> 2) Randall J. Keystone previously sent a threatening letter on or about November 2, 2001. On August 21, 2002, he pled *nolo contendre* [sic] in the Circuit Court of Augusta County, Virginia to one count of sending a threatening letter, for this letter.
>
> 3) Randall J. Keystone previously sent a threatening letter on or about November 27, 2000. On September 14, 2001, he was convicted by a jury in the Circuit Court of Augusta County, Virginia to one count of sending threatening letters, for a letter sent on November 27, 2000.

Notice of Intent 1-2, ECF No. 28. The Government contends that this evidence is admissible under Federal Rule of Civil Procedure 404(b) because it "is relevant to the defendant's intent to transmit a communication containing a threat . . . and as to his lack of mistake or accident." *Id.* at 2-3. The Government also asserts that the evidence is reliable and that its probative value is not substantially outweighed by its prejudicial value.

The Fourth Circuit has set forth the following four-factor test for the admissibility of "bad acts" evidence under Federal Rule of Evidence 404(b):

> (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or

unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

*United States v. Johnson,* 617 F.3d 286, 296–97 (4th Cir. 2010) (quoting *United States v. Queen,* 132 F.3d 991, 997 (4th Cir.1997)). "The more closely that the prior act is related to the charged conduct in time, pattern, or state of mind, the greater the potential relevance of the prior act." *United States v. McBride,* 676 F.3d 385, 397 (4th Cir. 2012).

To prove guilt under 18 U.S.C. § 875(c), the Government must prove that the defendant subjectively intended the mailing as a threat and that in fact it was a "true threat" — one that a reasonable recipient who is familiar with the context of the letter would interpret as a threat. *United States v. White*, 810 F.3d 212, 220-21 (4th Cir. 2016).

Keystone asserts that the Government has not produced the actual letters associated with the earlier offenses, and that the documents provided by the Government in discovery do not contain the exact threat language of these earlier letters or the identities of the persons threatened. He argues that because his primary defense is that the words in the letter in this case did not comprise a serious threat, the purposes for which the Government seeks to introduce the prior acts are irrelevant to the issues presented here. Keystone further contends that because the prior threats are remote in time from the charged offense and were not directed at the same victim, their probative value is minimal. A jury would not be

able to compare the language of the charged threat to the language of the prior threats, which Keystone argues would unfairly suggest that the earlier threats were similar to the charged threat when in fact there is no evidence of that.

The Government responds that Keystone "has repeatedly been placed on notice that his communications are perceived by the recipients, juries, and courts as threatening communications. The fact that he continues to engage in similar conduct is permissible evidence to prove intent." Resp. 2, ECF No. 54.

I find that the Rule 404(b) evidence sought to be introduced is only minimally relevant, and its introduction would be unfairly prejudicial to the defendant. The most recent of the prior acts occurred seven years before the crime charged, and the details of the prior acts are lacking. This lack of details means that neither the court nor the jury can assess the similarity of the prior acts to the charged offense. *See Queen*, 132 F.3d at 996 (explaining that prior acts and charged act must be similar in nature for the prior acts to have probative value, with greater similarity establishing greater relevance). The staleness of the prior acts in question dilutes their relevance. *See United States v. Asher*, 910 F.3d 854, 861 (6th Cir. 2018) (noting that "common sense dictates that temporal remoteness reduces the probative value of prior conduct" (internal quotation marks and citation omitted)).

There is also a significant risk of prejudice to the defendant by introducing a string of convictions, including one by guilty plea, to other crimes that are at least

somewhat like the crime charged here.  The proffered evidence would encourage a jury to conclude that because the defendant made threats on several occasions in the past, he likely did so here as well.  This is the kind of logical error against which Rule 404(b)'s safeguards are designed to protect.  In this case, the substantial risk of prejudice to the defendant is not outweighed by the slight probative value of the proffered prior-acts evidence.

For these reasons, I will grant the defendant's Motion in Limine.  Of course, any motion in limine is conditional, and if circumstances at trial change the balance of admissibility, the Government may request reconsideration.

It is **ORDERED** that the defendant's Motion in Limine to Preclude Improper 404(b) Evidence, ECF No. 51, is GRANTED.

    ENTER:  August 22, 2019

    /s/ JAMES P. JONES
    United States District Judge