## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 2:18CR00013 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **RANDALL J. KEYSTONE,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Randall J. Keystone, Defendant Pro Se.*

The defendant, Randall J. Keystone, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255. Keystone contends that (1) his conviction on two counts of mailing threatening communications under 18 U.S.C. § 875(c) violates the Double Jeopardy Clause; (2) he cannot be guilty under § 875(c) because he did not knowingly and intentionally communicate a threat; (3) his sentence was unreasonable and that the court was biased against him; and (4) Keystone suffered from ineffective assistance of counsel. The United States has filed a Motion to Dismiss, to which the movant has responded. After review of the record, I find that the defendant is not entitled to relief. Accordingly, I will grant the Motion to Dismiss and dismiss the defendant's § 2255 motion.

I.

While incarcerated at Red Onion State Prison in Pound, Virginia, in 2017, Keystone sent the same letter to his former state prosecutor, both to the lawyer's home and to his office. Each letter included the following remarks, "How'd you like someone to put a bullit [sic] in your head? How'd you like me to be the one to do it?" Presentence Investigation Report (PSR) ¶¶ 5, 7, 8, ECF No. 114.

On October 24, 2018, Keystone was indicted on two counts of knowingly transmitting in interstate commerce a communication containing a threat to injure the person of another in violation of 18 U.S.C. § 875(c). This court appointed an Assistant Federal Public Defender to represent him.

Keystone, by counsel, moved to dismiss the indictment on January 4, 2019, arguing that the letters did not communicate a threat and that the letters should not result in "multiple punishments" because the language was "functionally identical" and the defendant used multiple addresses "only to insure delivery." Def.'s Mot. Dismiss 1, 4, ECF No. 33. The court denied the motion, finding that a reasonable person could interpret the letters as threats and that each of the communications would constitute an offense.

A jury trial was held on September 10, 2019. At the conclusion of the government's evidence, Keystone moved for a judgment of acquittal, again

contending that the letters were not threats.  The court denied the motion.  The jury found the defendant guilty on both counts.

This court held a sentencing hearing on December 4, 2019.  Prior to the hearing, the government moved for an upward departure or variance from the United States Sentencing Guidelines range of 37 to 46 months, arguing that the defendant's criminal history warranted an upward departure.  The government also argued that an upward variance was appropriate because Keystone had repeatedly been sentenced for mailing intimidating or threatening letters.

In response, Keystone, by counsel, filed a sentencing memorandum in which he contended that the court should not sentence him above the guideline range, in part because much of his criminal history consisted of offenses "too old to be deemed reliable indicators of recidivism under the sentencing guidelines."  Sent'g Mem. 1, ECF No. 111.  The defendant also cited to his military service, Mennonite (Amish) religious faith, and history of mental illness in asking the court to sentence him to time served.

During the hearing, Keystone's counsel objected to the probation officer's recommendation that the court impose sex offender conditions based on a prior offense.  Keystone's counsel also objected to Keystone being denied credit for acceptance of responsibility, arguing that Keystone did not contest sending the letters or the letters' contents, but that he went to trial because the letters should not

constitute threats under the law.  The court sustained Keystone's objection to the sex offender conditions in part and denied the acceptance of responsibility objection. The court found that the defendant had a total offense level of 15 and a criminal history category of V, which translated to a guidelines range of 37 to 46 months' incarceration.

Keystone then presented evidence as to the appropriate sentence in the form of his grievance records with the Red Onion State Prison.  Keystone's counsel proffered that such grievances illustrated that prison officials failed to provide appropriate mental health treatment, accommodate the defendant's health conditions, and effectively respond to his request for religious materials, which were "frustrations imposed on prisoners" that are "mitigating factor[s]."  Sent'g Hr'g Tr. 15, ECF No. 124.

In his allocution, Keystone asked the court not to speculate or make assumptions about his future and not to consider his past record in imposing a sentence.  Keystone contended that the facts about a past conviction were incorrect and he maintained his innocence as to that offense.  He further explained that his letters were not intended to be a threat.

The court granted the government's motion and sentenced Keystone to a total term of 120 months imprisonment, consisting of 60 months on each count to run consecutive to each other.  In doing so, the court explained that it considered the 18

U.S.C. § 3553 factors, including the nature and circumstances of the current offense, the defendant's history and characteristics, and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes. The court also explained that it considered the presentence investigation report, the sentencing memorandum, and arguments of counsel. The court opined that an upward variance was warranted "to protect the public from the crimes that the defendant is likely to commit based upon his past history." *Id.* at 25. The court cited to the fact that the Keystone had regularly committed crimes since age 20 and found that Keystone had an inability to understand the seriousness of his conduct.

Keystone appealed his conviction, arguing that (1) his multiple convictions violated the Double Jeopardy Clause; (2) that the letters were not true threats because they were hypothetical and did not evidence likely or imminent violence; and (3) the 120-month sentence was procedurally and substantively unreasonable because the court speculated about his future conduct. The court of appeals affirmed. *United States v. Keystone*, No. 19-4919, 2021 WL 3578952 (4th Cir. Aug. 13, 2021) (per curium) (unpublished). No petition for certiorari was filed.

On December 15, 2021, Keystone signed and dated his pro se § 2255 motion, The government moved to dismiss the motion, to which Keystone has responded. The matter is now ripe for decision.

II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). The movant must "state facts that point to a real possibility of constitutional error." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (internal quotation marks and citation omitted). "[V]ague and conclusory allegations . . . may be disposed of without further investigation by the District Court." *Id.*

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance claims, however, are not lightly granted — "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686. To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by

counsel's alleged deficient performance. *Id.* at 687. To satisfy the prejudice prong of *Strickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694. A petitioner must overcome the "strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *United States v. Mayhew*, 995 F.3d 171, 176 (4th Cir. 2021) (citation omitted).

## A. GROUNDS I – III.

Keystone contends that (1) because he sent two copies of the same letter, he should have been charged and sentenced for only one violation; (2) he did not "knowingly & intentionally" communicate a threat because "it was simply a question. It was never intent to threaten," Def.'s Mot. 6, ECF No. 142; and (3) the sentencing court was "bias (sic) and prejudiced" against him because it "wrongful[ly] . . . [a]ssumed or speculated" that Keystone might send more threatening letters and improperly considered his prior criminal conduct, even though such offenses were "not related" to his federal charge, *id.* at 7–8.

It is well settled that a defendant "cannot 'circumvent a proper ruling . . . on direct appeal by re-raising the same challenge in a § 2255 motion.'" *Dyess*, 730 F.3d at 360 (quoting *United States v. Linder*, 552 F.3d 391, 396 (4th Cir. 2009)). Keystone raised on appeal the issues regarding double jeopardy, whether his letters

could constitute a true threat, and whether the court's so-called speculation as to Keystone's future conduct was a permissible consideration. The Fourth Circuit affirmed the judgment, and in doing so, thoroughly reviewed these claims. It found that this court did not err in denying Keystone's motion to dismiss because a defendant may be charged and prosecuted for the same offense multiple times when the prosecution is based on discrete acts. It also concluded that Keystone's argument that his language could not amount to a threat was "squarely foreclosed" by *Virginia v. Black*, 538 U.S. 353 (2003). *Keystone*, 2021 WL 3578952, at *2. Finally, it opined that this court's consideration of Keystone's "risk of recidivism in light of his criminal history" was appropriate. *Id.* Accordingly, Keystone is barred from raising these claims again in his § 2255 motion.

To the extent that Keystone's contention that the court was "bias [sic] and prejudiced" against him are outside the scope of his appeal, these claims still fail. Def.'s Mot. 7, ECF No. 142. Keystone's only cited bases for this claim was that the court improperly speculated about his future conduct and relied on his past record, factors that the court is required to consider under 18 U.S.C. § 3553. Beyond this, any such claims are vague and conclusory and warrant no further discussion. *Dyess*, 730 F.3d at 359.

## B. GROUND IV.

Keystone also alleges that his trial counsel was ineffective by (1) becoming angry and punching the glass in the jail visiting booth when Keystone refused to take a plea bargain, (2) losing "a bunch of [Keystone's] paperwork," (3) refusing to object to "improper rational," and (4) failing to "file/claim issues [Keystone] asked for appeal, etc." Def's Mot. 9, ECF No. 142.[1] The government asserts that Keystone fails to establish deficient performance or prejudice. I will discuss Keystone's arguments in turn.

The Sixth Amendment right to effective assistance of counsel "extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). Thus, the two-part *Strickland* test requiring a defendant to show that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different, applies to the plea-bargaining process. *Id.* at 162–63.

Keystone has failed to establish either *Strickland* prong regarding his claim that his counsel got angry at him and punched the visiting booth glass when Keystone refused to take a plea bargain. Keystone has not alleged any facts that indicate such interaction was deficient, but even if such conduct were objectively

---

[1]    Another federal public defender represented Keystone on appeal. Keystone's complaints appear to be directed at his first attorney who represented Keystone through trial and sentencing.

unreasonable, Keystone did not take the plea bargain, and there is no allegation that but for counsel's conduct, there would have been a different outcome in this case.

As for Keystone's other three arguments, they amount to nothing more than conclusory allegations. Keystone has not alleged or established which paperwork was lost. He does not specify the "claims" or "improper rational" to which his trial counsel failed to raise or object. Keystone's claim that his trial counsel lost some unidentified papers and failed to object to or appeal some unidentified issues are too vague to warrant further investigation.

Moreover, the record shows that Keystone's counsel did not waive the substantive issues Keystone now raises. Counsel moved to dismiss the indictment prior to the jury trial. He moved for judgment of acquittal at trial. These motions raised Keystone's double jeopardy and true threat arguments. Prior to the sentencing hearing in this case, counsel filed a sentencing memorandum in which he argued that the government's focus on Keystone's criminal history was unnecessary. Keystone's appellate counsel then argued that his multiple convictions violated the Double Jeopardy Clause, that his letters did not constitute threats, and that Keystone's sentence was unreasonable on appeal. Accordingly, to the extent that Keystone's ineffective assistance of counsel claim is based on grounds one through three of his § 2255 motion, it is contradicted by the record.

For these reasons, the United States' Motion to Dismiss will be granted, and the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 will be dismissed.  A separate final order will be entered herewith.

DATED:   May 31, 2022

/s/  James P. Jones
Senior United States District Judge