# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 2:18CR00013 |
| v.  ) | **OPINION** |
| ) | |
| **RANDALL J. KEYSTONE,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Randall J. Keystone, Pro Se Defendant.*

The defendant, Randall J. Keystone, has filed a successive Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, challenging his conviction and sentence in this court on two counts of mailing threatening communications, in violation of 18 U.S.C. § 875(c). Upon review of the motion and court records, I find that the § 2255 motion must be summarily dismissed as successive.[1]

The charges against Keystone alleged that while he was incarcerated at Red Onion State Prison in Pound, Virginia, in 2017, he mailed letters to his former state prosecutor's home and office. Each letter included the following remarks: "How'd you like someone to put a bullit [sic] in your head? How'd you like me to be the

---

[1] Under Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where it is clear from the motion and the record of prior proceedings that the defendant is not entitled to relief.

one to do it?" Presentence Investigation Report ¶¶ 5, 7, 8, ECF No. 114. Defense counsel moved to dismiss the Indictment, arguing that the statements were not true threats. I denied that motion, and the case proceeded to a jury trial.

At sentencing, the government moved for an upward departure or variance from the Sentencing Guidelines range of 37 to 46 months imprisonment, arguing that Keystone's criminal history and repeated past convictions for mailing intimidating or threatening letters warranted a sentence above that range. I granted the motion and sentenced Keystone to 120 months, consisting of consecutive terms of 60 months on each count. His appeal was unsuccessful. *United States v. Keystone*, No. 19-4919, 2021 WL 3578952 (4th Cir. Aug. 13, 2021) (unpublished). Keystone did not seek certiorari.

In January 2022, Keystone filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. He argued that (1) because he sent copies of the same letter to both locations, he could only be guilty of one offense; (2) because his statements were questions not intended as threats, he was not guilty of any threatening communication; (3) the court showed bias by speculating that he would send more threatening letters in the future and by considering past convictions not related to his federal charges; and (4) counsel provided ineffective assistance in several respects. I found these claims to be without merit and granted the government's Motion to Dismiss. *United States v. Keystone*, No. 2:18CR00013,

2022 WL 1744551 (W.D. Va. May 31, 2022), *appeal dismissed*, No. 22-6733, 2022 WL 17222227 (4th Cir. Nov. 23, 2022) (unpublished).

Keystone signed and dated the § 2255 motion now before the court on November 19, 2023. He complains that his conditions of supervised release include conditions unrelated to his crimes of conviction that should be removed. He asserts that he could not raise these claims in his prior § 2255 motion because he did not have space to do so, although he says that counsel raised the issues at sentencing. Keystone contends that his criminal case is "ongoing" and that the unrelated conditions must be removed "sooner or later" before he is released from confinement. 2255 Mot. 10, ECF No. 180.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a federal district court may consider a defendant's second or successive § 2255 motion only upon specific certification from the appropriate court of appeals that the claims in the motion meet certain criteria. 28 U.S.C. § 2255(h). "In the absence of pre-filing authorization . . . , the district court lacks jurisdiction to hear a successive § 2255 motion." *United States v. Joy*, 585 F. App'x 33, 34 (4th Cir. 2014) (unpublished) (citing 28 U.S.C. § 2244(b)(3)).

Keystone offers no indication that he has obtained certification from the court of appeals to pursue his current motion as an authorized second or successive § 2255 motion. Therefore, I must dismiss it without prejudice for lack of jurisdiction.

A separate Final Order will be entered herewith.

DATED: December 28, 2023

/s/  JAMES P. JONES
Senior United States District Judge