CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
August 06, 2024
LAURA A. AUSTIN, CLERK
BY KRISTIN AYERSMAN
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 2:18CR00013 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **RANDALL J. KEYSTONE,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Danielle Stone, Assistant United States Attorney, Abingdon, Virginia, for United States; Randall J. Keystone, Defendant Pro Se.*

The defendant filed a motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The motion was denied, but on Keystone's appeal, the court of appeals remanded the motion for further consideration of Keystone's arguments that "relief was warranted in light of his age, the nature of his offense conduct, the sentence he received and the nature of his sentencing, and his post-sentencing conduct and efforts at rehabilitation." *United States v. Keystone*, No. 23-7038, 2023 WL 8919877, at *1 (4th Cir. Dec. 27, 2023) (unpublished). Following such further consideration as directed, the motion is again denied.

I.

While incarcerated at a state prison in 2017, Keystone mailed two letters to the state prosecutor complaining about his latest conviction, one to the lawyer's home and one to his office. Each letter included the following: "How would [or

How'd] you like someone to put a bullit [sic] in your head?  How'd you like me to be one to do it?" Gov't Trial Ex. 1, 2, ECF No. 79; Presentence Investigation Report (PSR) ¶¶ 5, 7, 8, ECF No. 114.  As a result of these letters, Keystone was indicted in this court on two counts of knowingly transmitting in interstate commerce a communication containing a threat to injure the person of another, in violation of 18 U.S.C. § 875(c).  Trial was held on September 10, 2019, and the jury found the defendant guilty on both counts.

A sentencing hearing was held on December 4, 2019.  Prior to the hearing, the government moved for an upward departure or variance from the Sentencing Guidelines' range of 37 to 46 months, arguing that the defendant's criminal history warranted a sentence above the advisory range, in particular because Keystone had been previously sentenced in multiple cases for sending threatening letters.[1]

The court granted the government's motion and sentenced Keystone to a total term of 120 months' imprisonment, consisting of 60 months on each count to run consecutively.  In doing so, the court explained that it considered the 18 U.S.C. § 3553 factors, including the nature and circumstances of the current offense, the

---

[1] As follows: (1) on December 5, 2001, sentenced to three years' custody by a state court for mailing a threatening letter to the victim in his prior attempted rape prosecution; (2) on December 18, 2002, sentenced to three years' custody by a state court for writing a threatening letter to the prosecutor; and (3) on March 9, 2010, sentenced to five years' custody by a state court for sending five separate threatening letters on different dates. PSR ¶¶ 34, 35, 36, ECF No. 114.  The PSR also listed seven other prior convictions for different crimes.

defendant's history and characteristics, and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes. The court also explained that it had considered the PSR, the sentencing memorandum, and arguments of counsel. The court opined that an upward variance was warranted "to protect the public from the crimes that the defendant is likely to commit based upon his past history." Sent'g Tr. 25, ECF No. 123. The court cited to the fact that Keystone had regularly committed crimes since age 20 and found that Keystone had an inability to understand the seriousness of his conduct. Keystone appealed but the judgment was affirmed. *United States v. Keystone*, No. 19-4919, 2021 WL 3578952 (4th Cir. Aug. 13, 2021) (unpublished). Later motions by Keystone under 28 U.S.C. § 2255, alleging, among other grounds, ineffective assistance of counsel, were denied.

Following the remand by the court of appeals, this court appointed the Federal Public Defender to represent Keystone in regard to his motion, but Keystone refused the appointment. Thereafter, as permitted by the court, Keystone filed a pro se response. The government has filed its response, objecting to early release, and the matter is ripe for decision.

II.

Generally, a district court may not alter a sentence that has already been imposed. 18 U.S.C. § 3582(c). There is, however, an exception for compassionate release. A district court may grant compassionate release to a prisoner if (1) "extraordinary and compelling reasons" exist; (2) the court's decision is consistent with the applicable policy statements contained within the Sentencing Guidelines; and (3) the applicable factors listed in 18 U.S.C. § 3553(a) weigh in favor of granting compassionate release. 18 U.S.C. § 3582(c)(1)(A); *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022).

In deciding whether a prisoner's reasons for seeking early release are extraordinary and compelling, the court's discretion is limited by a policy statement of the Sentencing Guidelines. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024). This provision lists the circumstances that qualify as extraordinary and compelling reasons for granting compassionate release. U.S. Sent'g Guidelines Manual (USSG) § 1B1.13(b) (U.S. Sent'g Comm'n 2023).

In its response, the government correctly summarized the defendant's reasons for seeking compassionate release, as follows:

> In Keystone's Motion he argues that he was found guilty due to ineffective assistance of counsel; that his sentence was "unfairly doubled"; that he has been a "model-inmate" while incarcerated with only one rule violation; that he is 60 years old and has been "a diligent orderly" for over three years, including during COVID-19; that he never meant any "true threats," that his comments were not "true

> threats," and he is the real victim; that he has done his "fair share of punishment." ECF No. 170. In supplemental filings, Keystone argues further that his statements were not actually "a threat," ECF No. 220, and that his sentence of 120 months was "unnecessarily doubled" because the letters contained the same words, ECF No. 214. He also argues that a sentencing disparity occurred based on a comparison of his sentence to other individuals who have been sentenced in separate cases. *Id.* Keystone notes that he is in good health. *Id.* He states that he has paid off his $200 court assessment fee.

Gov't's Resp. 2, ECF No. 224.

No special circumstances are alleged which would make his age (60) a proper reason for compassionate release. While Keystone has spent much of his adult life in prison for these and other crimes, that fact does not convince me to release him, based on my consideration of his criminal history. Presumably Keystone contends that his examples of good behavior in prison indicate his rehabilitation, but nothing about his conduct is extraordinary and compelling. Moreover, rehabilitation is not a ground alone for release according to the Sentencing Commission's policy statement. USSG § 1B1.13(d). Keystone's reliance on other cases in which he contends the language was worse but lesser time was imposed, are insufficient grounds for relief, since Keystone's sentence was based not only of the facts of his crime but his own history and characteristics. 18 U.S.C. § 3553(a).

Keystone complains, as he has in prior filings, that it was improper to charge and sentence him on two counts of mailing a threating letter, when the letters were addressed to the same person and the language at issue was the same. That issue

was considered in Keystone's direct appeal and rejected. *United States v. Keystone,* 2021 WL 3578952, at *1.[2]

As the court of appeals held on Keystone's direct appeal, the sentence above the guideline range was procedurally reasonable and justifiable in light of the need to protect the public from future crimes by the defendant. 2021 WL 3578952, at *3. Moreover, Keystone's continued unwillingness to accept responsibility for his conduct, shown by his statement in the present motion that the letters were not threatening, supports the need for such protection.[3]

For these reasons, I find that the defendant has not shown that he has an extraordinary and compelling ground for reduction of sentence.

---

[2] The victim's wife retrieved the letter sent to their residence, and observing the return address to be a prison, called her husband at work. He opened the letter when he returned home and she then learned its contents. She testified at trial that the letter was "extremely disturbing" to her because Keystone obviously had their home address and she feared for the safety of her family. Sent'g Tr. 52, ECF No. 123.

[3] "Petitioner was originally offered 'plea-agreements' of 5 years and even as low as 24 to 48 months. He could not accept. . . . Petitioner declined said 'plea-agreements' as he felt he was <u>not</u> guilty of a 'threatening letter,' and he yet feels [the] same. . . . [T]his whole thing has been misconstrued, blown out of perspective [and] he is [the] real victim." Mot. 2, 3, ECF No. 170.

- 7 -

III.

It is **ORDERED** that the defendant's Motion for Sentence Reduction/Compassionate Release, ECF No. 170, is DENIED, and the defendant's Motion for Clarification, ECF No. 221, is DENIED as moot.

ENTER: August 6, 2024

/s/  JAMES P. JONES
Senior United States District Judge